**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD ULLOA,**

      **Plaintiff,**

v.                                                                                          **1:06-CV-445**
                                                                                        **(NAM/RFT)**

**UNITED STATES OF AMERICA,**
**INTERNAL REVENUE SERVICE,**
**THOMAS A. CONLEY,**
**JOHN O'DEA, and**
**CAROL A. RICHARDSON,**

      **Defendants.**
_____

APPEARANCES:                                              OF COUNSEL:

Richard Ulloa,
Plaintiff *Pro se*

United States Department of Justice                       Wendy J. Kisch,
P.O. Box 55, Ben Franklin Station                         Trial Attorney, Tax Division
Washington, D.C. 20044
*For Defendants*

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.      INTRODUCTION**

      Plaintiff *pro se* Richard Ulloa brings this action seeking an order declaring the

Determination the Internal Revenue Service ("IRS") issued on March 28, 2006, is invalid,

directing the government to pay plaintiff for the costs he incurred in this action, awarding plaintiff

punitive damages, and directing the government to "[r]eturn all monies in overpayments".

Defendants Thomas A. Conley, John O'Dea, and Carol A. Richardson move pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for dismissal from this action and defendant

United States moves for summary judgment pursuant to Rule 56.  Plaintiff opposes the government's motions.

## II.     BACKGROUND

According to the complaint, plaintiff sent the IRS a Form 1040, U.S. Individual Tax Return, dated December 31, 2004 for the 2003 tax year.  The Form 1040 listed the number zero in all the boxes provided for income.  On the Form 1040, plaintiff reported that he had $12,482.07 withheld and sought a refund in that amount.  Plaintiff also attached a three page document to the Form 1040 citing various excerpts from the Internal Revenue Code and federal case law and disputing the validity of the federal income tax system.  Subsequently, the IRS assessed plaintiff a $500 penalty for filing a frivolous income tax return.  Plaintiff requested a Collection Due Process Hearing ("CDP").  Following the CDP hearing, which plaintiff contends was not a "collection due process, according to law", the IRS issued a determination advising plaintiff that "Appeals' has determined that the Compliance Division may proceed with the proposed levy action because you have not offered a viable alternative to collection".

## III.    DISCUSSION

### A.     Rule 12(b)(6) – Motion to Dismiss

Defendants Conley, O'Dea, and Richardson move pursuant to Rule 12(b)(6) to dismiss the complaint.  Since defendants filed their motion to dismiss after filing their answer, the Court construes it as a motion for judgment on the pleadings pursuant to Rule 12(c).  *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (holding that "a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the

2

pleadings under Rule 12(c).") (internal footnote omitted). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Id*. When considering a motion to dismiss a complaint under Rule 12(c), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc*., 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). Finally, the Court must consider a *pro se* complaint liberally. *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005).

Defendants seek dismissal on the basis that, despite naming them in the caption, the complaint contains no allegations against them. Exhibit A to the complaint, however, identifies Conley as the "person to contact" and O'Dea as the "Appeals Team Manager" in connection with the IRS's March 28, 2006 "Notice of Determination". Additionally, in a form entitled "Summary

3

of Taxpayer Contact" which is also attached to the complaint, Richardson is identified as a "Revenue Officer". Compl. Ex. A.

Even assuming the complaint and exhibits contain claims against the individual defendants, there are none upon which relief can be granted. The Internal Revenue Code nowhere contemplates actions directly against its employees and the Federal Tort Claims Act expressly excludes tort actions against federal employees when their actions were undertaken within the scope of the employment. *See* 28 U.S.C. § 2679(b)(1). Indeed, even construed liberally, there is no allegation in the amended complaint that Conley, O'Dea, or Richardson acted outside the scope of their employment in connection with the tax collection activities at issue in this case. Moreover, section 2680(c) of the Federal Tort Claims Act expressly prohibits suits for tax-related claims: "The provisions of this chapter ... shall not apply to ... (c) Any claim arising in respect of the assessment or collection of any tax..." 28 U.S.C. 2680(c); *see also Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477 (2d Cir. 1995).

Plaintiff's claims against Conley, O'Dea, and Richardson are no more viable if construed as asserting constitutional due process violations. In *Bivens v. Six Unknown Named Agents of Federal Bureau Narcotics*, 403 U.S. 388, 390-97 (1971), the Supreme Court recognized a direct cause of action against federal employees for damages for alleged constitutional breaches. Where, however, a statutory scheme sufficiently provides "adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," additional remedies under *Bivens* are not available. *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). The Second Circuit recently stated, in denying *Bivens* relief to taxpayers claiming First Amendment violations, that "it would be difficult to conceive of a more comprehensive statutory scheme, or

4

one that has received more intense scrutiny from Congress, than the Internal Revenue Code." *Hudson Valley Black Press v. Internal Revenue Service*, 409 F.3d 106, 113 (2d Cir. 2005).  Thus, as Congress has "designed a complex and comprehensive administrative scheme that provides various avenues of relief for aggrieved taxpayers," *id*., plaintiff cannot assert a viable claim against Conley, O'Dea, or Richardson as federal employees for any alleged violations of his constitutional rights as a result of their tax assessment and collection related activities.  Accordingly, defendants' motion for judgment on the pleadings is granted.

### B.	Rule 56 – Motion for Summary Judgment

The United States moves for summary judgment affirming the March 28, 2006, Notice of Determination.  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 258 (1986).  Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute.  *See id*.  The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case.  *See id*. at 325.  Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial.  *See* Fed. R. Civ. P. 56(e).  A trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *see Ramseur v. Chase Manhattan Bank*, 865

F.2d 460, 465 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985).

### 1.  Jurisdiction

This Court has jurisdiction to review plaintiff's challenges to the $500 penalty for filing a frivolous return.[1]  *See* 26 U.S.C. § 6330(d)(1)[2]; *Silver v. Smith*, No.01-CV-6193L (W.D.N.Y. Sept. 5, 2002) ("In the case of a lien assessed as a result of a frivolous return penalty, the district court is the proper reviewing court.") (internal quotations omitted); *see also Van Es v. Commissioner*, 115 T.C. 324, 328, 2000 WL 1520321 (2000) (concluding Tax Court did not have jurisdiction to redetermine frivolous tax penalties).

### 2.  $500 Frivolous Filing Penalty

The government seeks summary judgment dismissing plaintiff's challenge to the imposition of a $500 penalty for filing a frivolous tax return, claiming that: (a) the IRS validly assessed the penalty; and (b) the Appeals Officer properly considered and resolved plaintiff's due

---

[1] Indeed, the Notice of Determination plaintiff received from the IRS states, "[i]f you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a re-determination." Compl. Ex. A.

[2] Pursuant to 26 U.S.C. § 6330(d)(1):

> (d) Proceeding after hearing.-
> (1) Judicial review of determination.-The person may, within 30 days of a determination under this section, appeal such determination-
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

On August 16, 2006, (after the commencement of this action), section 6330(d)(1) was revised to direct all appeals from CDP hearings to the Tax Court. *See* Pub.L. No. 109-280, § 855(a), 120 Stat. 780, 1019 (2006).

6

process and other procedural arguments. The Court reviews the validity of the tax liability[3] at issue *de novo*. *MRCA Info. Serv. v. United States*, 145 F.Supp.2d 194 (D.Conn. 2000). "Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal .... [t]he amount of tax liability will be reviewed by the appropriate court on a *de novo* basis." *Id*. at 199 (quoting the conference report accompanying the IRS Restructuring and Reform Act of 1998, H. Rep. No. 105-599 at 266 (1998)). Where, however, "the validity of the tax liability is not properly part of the appeal, . . . the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using an abuse of discretion standard." *Id*.

Although the government seeks summary judgment affirming the Notice of Determination, the exhibits it claims demonstrate that there are no genuine issues of material fact, including the attachment to the letter notifying plaintiff of the IRS's determination which sets forth the explanation for its determination, (Gov't Ex. 7) are not in admissible form.[4] Indeed, the government's exhibits are attached to counsel's affidavit, who does not purport to have personal knowledge of their contents or assert that such exhibits are otherwise self-authenticating. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Accordingly, in the absence of evidence in admissible form, despite the persuasive arguments

---

[3] A penalty for a frivolous return is considered a "tax liability" under the Internal Revenue Code. 26 U.S.C. § 6671(a).

[4] Although the tax return at issue and the letter Notice of Determination, without the above-referenced attachment, are properly before the Court as they are attached to plaintiff's verified complaint, *see* Compl. Ex. A, because the government relies on additional documents, which are not in admissible form, in support of its motion, summary judgment would be inappropriate on the record presently before the Court.

contained in the government's memorandum of law, the Court is constrained to deny summary judgment at this point.

### IV.     CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the government's motion for judgment on the pleadings pursuant to Rule 12(c) dismissing defendants Conley, O'Dea, and Richardson from this action is GRANTED;

ORDERED that the government's motion for summary judgment is denied without prejudice to the filing of a motion for summary judgment within **thirty (30) days** of the date of this Order.

IT IS SO ORDERED.

Date:  September 20, 2007

Norman A. Mordue
Chief United States District Court Judge