**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD ULLOA,**

              **Plaintiff *Pro Se*,**

**v.**

**UNITED STATES OF AMERICA,**
**INTERNAL REVENUE SERVICE,**

              **Defendants.**
_____

**1:06-CV-445**
**(NAM/RFT)**

**APPEARANCES:**

Richard Ulloa
Plaintiff, *Pro se*

United States Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
For Defendants

**OF COUNSEL:**

Wendy J. Kisch,
Trial Attorney, Tax Division

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

**I.    INTRODUCTION**

     Plaintiff *pro se* Richard Ulloa brings this action seeking an order: declaring invalid a determination the Internal Revenue Service ("IRS") issued, which sustained the assessment and collection of a $500 penalty for filing a frivolous income tax return for the 2003 tax year; directing the government to pay plaintiff for the costs he incurred in this action; awarding plaintiff punitive damages; and directing the government to "[r]eturn all monies in overpayments". Dkt. No. 1. Plaintiff moves to compel the United States of America to refund withholdings from the 2006 tax year. Dkt. No. 15. The government opposes this motion, Dkt. No. 17, and moves for summary judgment affirming the determination and dismissing the complaint pursuant to Rule 56

of the Federal Rules of Criminal Procedure.  Dkt. No. 18.  Plaintiff opposes summary judgment.

**II.     BACKGROUND**

In a 1040 United States Individual Income Tax Return dated December 31, 2004, plaintiff entered zeros throughout his tax return, claiming that he received income during 2003, reported that he had $12,482.07 in withholdings, and requested a refund in that amount.  Gov't Ex.1.  Plaintiff attached a three page "statement" to his Form 1040 notifying the IRS that he was filing his tax return "out of fear" and that he "received no income in the 'constitutional sense'".  *Id*.  According to certified records from the IRS, in 2003, plaintiff earned $104,424 in wages, collected $2,538 in rent, and received $10,704 in other income.  Gov't Ex. 2.  On August 22, 2005, the IRS assessed plaintiff with a $500 penalty pursuant to 26 U.S.C. § 6702,[1] for filing a frivolous income tax return.  In an effort to collect the penalty, the IRS sent plaintiff a final notice of intent to levy dated November 28, 2005, and notified plaintiff of his right to a hearing.  Gov't Ex. 4.

Plaintiff timely requested a collection due process ("CDP") hearing.[2]  Gov't Ex.6.

---

[1]Pursuant to § 6702:

If - (1) any individual files what purports to be a return on the tax imposed . . . but which - (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and (2) the conduct referred to in paragraph (1) is due to - (A) a position which is frivolous . . . then such individual shall pay a penalty of $500.

26 U.S.C. § 6702(a).

[2]Pursuant to 26 U.S.C. § 6330, at a CDP hearing:

(A) In general. - The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including - (i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives, which may

Thomas Conley, an IRS "Settlement/Appeals Officer", offered plaintiff a telephone conference scheduled on February 22, 2006, regarding the penalty. *Id*. According to Conley, plaintiff objected to a telephone conference, contending that his constitutional rights were being violated because the IRS was not giving him a face to face conference. *Id*. As reflected in Conley's notes, on February 22, 2006, plaintiff participated in a CDP hearing via telephone conference:

> Held telephone conference with TP. SO, Michael Smith, present on conference call. Mr. Ulloa indicated he was recording the conversation and also had a court reporter taking notes. He was informed that neither tape recordings or stenographic recording were allowed in Appeals telephone conferences. He stated he had advised the SO previously of his intention to record and had not been advised in correspondence that it would not be allowed. TP requested a copy of the 1040 document that verified the assessment. Informed TP SO will send his correspondence with Certificate of Assessment as verification of the assessment. TP continue to argue that he has to be provided with a copy of the 1040 return. He was advised that the courts have accepted the 4340 as presumtive [sic] evidence of a valid assessment. TP wanted to discuss sections of the IRC. Informed TP that SO would not argue his challenges to the IRC. Informed him that he has the opportunity make a payment proposal in lieu of the levy. Mr. Ulloa only indicated that he would write a check to FP when he received the verification he requested which he will fwd to the Secretary for signature. Mr. Ulloa indicated that he would be summons the SO and petition the court on Appeals determination. He advised that he has the tape recording and the court steno's recording. Advised him again that he was advised that neither recording was allowed in a telephone confernece [sic]. He stated he didn't care what the SO said. Discontinued conference. Prepared correspondence presenting TP 14 days to provide any additional information he would like Appeals to consider. Enclosed the

---

> include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. (B) Underlying liability. - The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

26 U.S.C. § 6330(c)(2). At the hearing, the appeals officer must "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1). Additionally, any determination by the appeals officer must take into consideration "(A) the verification presented . . . ; (B) the issues raised . . . ; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3).

Certificate of Assessment.

Gov't Ex. 6.

After the hearing, plaintiff submitted further correspondence requesting Form 4340, advising that he would report the settlement officer to the FBI for participating in fraud, arguing liability for income tax, raising constitutional challenges, and requesting documents. *Id*. The IRS issued a Notice of Determination dated March 28, 2006, finding that the Compliance Division could proceed with the propose levy action because plaintiff had not offered a valid proposal of an alternative to collection. Gov't Ex. 7.

### III.   DISCUSSION

#### A.   Motion for Summary Judgment

The United States moves for summary judgment affirming the March 28, 2006, Notice of Determination. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 258 (1986). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute. *See id*. The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id*. at 325. Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial. *See* Fed.

R. Civ. P. 56(e). A trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *see Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985).

In the complaint, plaintiff challenges the imposition of the $500 penalty and contends that the appeals officer did not: (1) conduct a face-to-face CPD hearing; (2) produce and present to plaintiff the verification required; (3) produce any document signed by an IRS employee supporting the imposition of the "frivolous penalty" at issue; (4) produce any delegation of authority from the Secretary that authorized any IRS employee to impose the "frivolous penalty" at issue; (5) identify a Treasury Department regulation authorizing IRS employees to impose, or requiring plaintiff to pay, the "frivolous penalty" at issue; (6) produce any statute establishing the existence of the underlying liability of the tax for which the "frivolous penalty" was imposed; (7) produce documentary evidence that the Secretary authorized this collection action and that the Attorney General, or his delegate, directed that this collection action be commenced: (8) produce an "Assessment" for taxes plaintiff owes; or (9) produce the law requiring plaintiff to pay income taxes. Additionally, plaintiff seeks a refund of withholdings in connection with the 2003 tax year and an award of punitive damages. The government seeks summary judgment dismissing plaintiff's challenge to the imposition of a $500 penalty for filing a frivolous tax return and the proposed levy.

The Court reviews the validity of the tax liability[3] at issue *de novo*. *MRCA Info. Serv. v.*

---

[3] A penalty for a frivolous return is considered a "tax liability" under the Internal Revenue Code. 26 U.S.C. § 6671(a).

5

*United States*, 145 F.Supp.2d 194 (D.Conn. 2000). "Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal .... [t]he amount of tax liability will be reviewed by the appropriate court on a *de novo* basis." *Id*. at 199 (quoting the conference report accompanying the IRS Restructuring and Reform Act of 1998, H. Rep. No. 105-599 at 266 (1998)). Where, however, "the validity of the tax liability is not properly part of the appeal, . . . the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using an abuse of discretion standard." *Id*. "To the extent that, liberally construed, plaintiff argues he is not liable for the penalty because of alleged procedural and evidentiary defects, the Court should apply a de novo standard of review." *Cipolla v. Internal Revenue Serv*., No. CV-02-2063, 2003 WL 22952617 (E.D.N.Y. Nov. 5, 2003) (citing *Silver v. Smith*, 01 CV 6193, 2002 WL 31367926, at * 2 (W.D.N.Y. Sept.5, 2002) ("[C]ourts have consistently interpreted [the phrase 'underlying tax liability'] as including not only substantive issues of tax liability but procedural ones as well.").

In this case, the IRS imposed a $500 penalty pursuant to 26 U.S.C. § 6702(a), because plaintiff filed what it deemed a frivolous tax return. Although plaintiff did not challenge the underlying tax liability for the penalty for filing a frivolous income tax return, his objections were procedural in nature. Accordingly, the Court applies a *de novo* standard of review.

### 1.     Face to Face CDP Hearing

Plaintiff contends that the CDP hearing violated his rights because it was a telephone conference instead of a face-to-face hearing. The Code of Federal Regulations explains that "the formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*., do not apply to CDP hearings", which are "informal in nature". 26 C.F.R § 301.6330-1(d)

6

A-D6.  Further, "[a] CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." *Id*.  *See also Turner v. United States*, 372 F.Supp.2d 1053, 1058 (S.D.Ohio 2005) (finding that the IRS Appeals Office did not violate the plaintiff's right to a fair hearing when it declined the plaintiff's request for an in-person hearing because it offered him a telephone conference or the opportunity to submit his arguments in writing).

Here, the Appeals Office offered, and plaintiff participated in, a telephone conference.  Moreover, the "Settlement/Appeals Officer" permitted plaintiff to submit additional arguments in writing following the telephone conference.  Plaintiff took advantage of this offer and filed additional correspondence concerning his case.  Thus, the IRS did not violate plaintiff's right to a CDP hearing under § 6330 by not holding an in-person hearing.

### 2. Verification

Plaintiff contends that the IRS failed to produce the required verification at the hearing, or at any other time prior to issuing the Determination.  As referenced above, the appeals officer is required to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  26 U.S.C. § 6330 (c)(1).  The notes from plaintiff's Case Activity Record indicate that the appeals officer relied on Form 4340 Certificate of Assessments, Payments, and Other Specified Matters, for the required verification in this case.  Gov't Ex. 6.  *See Wright v. Comm'r*, 90 T.C.M. (C.C.H.) 615, 619, 2005 WL 3486024 (2005) ("A Form 4340 ... constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203.");  *Schroeder v. Comm'r*, 84 T.C.M. (C.C.H.) 141, 144, 2002 WL 1792084 (2002)

7

("Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein."). Thus, plaintiff's argument is without merit.

### 3. Signed Document

Plaintiff argues that the IRS failed to produce any document signed by an IRS employee "that would have supported the imposition of the 'frivolous penalty' at issue." Compl. ¶ 13(c). The appeals officer, however, "is not required to prove who determined and authorized the penalties." *Cipolla*, 2003 WL 22952617 at *6. Indeed, neither § 6330 nor § 6702, *supra*, which govern the levy process and imposition of a penalty for filing a frivolous return, contain such a requirement. Accordingly, this argument is without merit.

### 4. Delegation of Authority

Plaintiff claims the IRS failed to "produce any Delegation of Authority from the Secretary that authorized any Defendant employee to impose the 'frivolous penalty' at issue." There is no requirement in either § 6330 or § 6702 that the appeals officer produce evidence of any delegated authority to penalize plaintiff for filing a frivolous return. *See Borchardt v. Commissioner of Internal Revenue*, 338 F.Supp.2d 1040, 1044 (D.Minn. Oct. 12, 2004) (in administrative proceedings, IRS had no obligation to produce the identity of employees who determined a taxpayer's return, a copy of the Delegation of Authority empowering IRS employees to assess penalties).

### 5. Legal Authority

Plaintiff contends that the appeals officer failed to identify or produce any legal authority for imposing the frivolous penalty. Compl.¶ 13 (e). Plaintiff further claims that the IRS failed

8

"produce any statute that established the 'existence . . . of the underlying liability' of the tax for which the 'frivolous penalty' had been imposed." Compl. ¶ 13(f).

"There is no requirement that the Appeals Officer produce any regulations or statutory provisions because such information is public information". *Cipolla*, 2003 WL 22952617 at *5. Further, as stated, § 6702(e) authorizes the imposition of a penalty for the filing of frivolous returns. Thus, plaintiff's argument is without merit.

### 6. Authorization for Collection Action

Plaintiff claims that the appeals officer failed to produce documentary evidence that the Secretary authorized the levy and directed that the collection action commence. The Court construes this claim as a challenge to the appropriateness of the use of a levy to collect the penalty. As stated above, any determination by the appeals officer must take into consideration "(A) the verification presented . . . ; (B) the issues raised . . . ; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3).

During the hearing, the appeals officer advised plaintiff that the Form 4340 Certificate of Assessment was verification of the assessment and provided the Certificate of Assessment to plaintiff. Conley Aff, Ex. A. According to the notes from the hearing, plaintiff "wanted to discuss sections of the IRC", and in correspondence following the hearing challenged the liability for income tax, and made constitutional challenges.[4] *Id*. The appeals officer declined to argue

---

[4] Although entitled to challenge the underlying liability for the penalty, there is no indication in the record that plaintiff challenged the penalty. Rather, plaintiff's arguments during the CDP hearing and in correspondence focused on requests for verification , which, as discussed, the Appeals Officer provided,

9

plaintiff's challenges to the IRC during the hearing but in the Notice of Determination specifically addressed the legal authority of the IRS to assess and collect income tax. Gov't Ex. 7.

Additionally, the appeals officer advised plaintiff that he could "make a payment proposal in lieu of the levy." *Id*. Plaintiff responded that "he would write a check . . . when he received the verification he requested which he will fwd to the Secretary for signature." Although the appeals officer provided plaintiff with Form 4340, verification of the assessment, plaintiff did not pay the penalty. Thus, as the appeals officer noted in the Notice of Determination, plaintiff did not propose a valid payment alternative to levy.

### 7. Assessment

Plaintiff claims that the appeals officer failed to produce an "'Assessment' for Taxes owed by Plaintiff". In this case, the government has submitted a Form 4340, which it previously provided to plaintiff. *See* Conley Aff., Ex. A; Gov't Ex. 3. Absent contradictory evidence, a Certificate of Assessments and Payments is presumptive proof of a valid assessment on the date indicated. *Cipolla*, 2003 WL 22952617 at * 5 (citing *United States v. Lorson Electric Co., Inc*. 480 F.2d 554 (2d Cir.1973)).

### 8. Law Requiring Income Taxes

Plaintiff argues that the appeals officer failed to produce "the Law that requires the Plaintiff pay any 'income' taxes". There is "no question but that Congress has the constitutional authority to impose an income tax." *United States v. Carley*, 783 F.2d 341, 344 (2d Cir.1986); *see Ficalora v. Comm'r of Internal Revenue*, 751 F.2d 85, 87 (2d Cir.1984). "[T]he payment of

---

the constitutionality of the process, and requests for documents.

10

income tax is not optional ... and the average citizen knows that the payment of income taxes is legally required." *United States v. Schiff*, 876 F.2d 272, 275 (2d Cir. 1989). Neither § 6330 nor § 6702, *supra*, which govern the levy process and imposition of a penalty for filing a frivolous return, contain a requirement that the appeals officer has an obligation to produce this "Law". In any event, the appeals officer specifically addressed this issue in the Determination and explained that the Sixteenth Amendment authorized Congress to impose an income tax, and that Congress enacted the Internal Revenue Code, which is administered by the Internal Revenue Service. Thus, plaintiff's argument that the appeals officer failed to produce the law requiring the payment of income taxes is without merit.

### 9. Punitive Damages

In the complaint, plaintiff seeks an award of punitive damages. As explained above, the government is entitled to summary judgment on plaintiff's substantive claims. Accordingly, there is no basis for punitive damages in this case.

### 10. Refund of Payments - 2003

In the complaint, plaintiff seeks a refund in the amount of $12,482.00. The government contends that plaintiff has failed to file a valid claim for refund and asserts that the Court therefore lacks jurisdiction over plaintiff's claim.

The United States is immune from suit unless it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Although the United States has consented to suits for the recovery of erroneously paid taxes, *see Miller v. United States*, 500 F.2d 1007, 1008 (2d Cir.1974), "a taxpayer may only invoke the waiver of sovereign immunity for a refund of purportedly overpaid taxes by complying with the requirements set forth in 26 U.S.C. § 7422

11

regarding the filing of a claim." *Bastable v. Internal Revenue Serv.*, No. 04-CV00415, 2004 WL 3170534, at *1-2 (E.D.N.Y. Dec. 27, 2004) (internal citations omitted).  Pursuant to 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a).  Further, the taxpayer must file the claim for refund with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, . . . or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511.  Finally, pursuant to 26 U.S.C. § 6532, no suit under § 7422(a) for a refund, "shall be begun before the expiration of 6 months from the date of filing the claim required under each section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing . . . by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."  A taxpayer's failure to comply with a prerequisite to commencing suit in a federal court is a jurisdictional defect that cannot be waived. *See e.g., Hynard v. I.R.S.*, 881 F.Supp. 92, 94 (E.D.N.Y.1994).

Here, the government has adduced evidence that plaintiff filed a claim for refund in which he states that he had zero income and wages in 2003, even though he earned more than $100,000 that year.  Gov't Exs. 1, 2.  "It is well-established that wages or compensation for services constitute income and that individuals receiving income are subject to the federal income tax. *United States v. Bell*, 238 F.Supp.2d 696, 700 (M.D.Pa. 2003).  Thus, no reasonable fact-finder could conclude that plaintiff filed a valid claim for refund, a prerequisite for jurisdiction.  *See also Deyo v. Internal Revenue Serv.*, No. Civ.3:02CV 85, 2004 WL 2051217, *4 (D.Conn. Aug. 2, 2004) (concluding that the Court lacked jurisdiction because the plaintiffs failed to show that their income tax return, in which they claimed they had a gross income of zero, was a valid claim for

12

refund).  Accordingly, the government's motion for summary judgment dismissing plaintiff's claim for refund is granted.

### B. Motion to Compel Refund

Plaintiff filed a motion to "compel the refund for personal income taxes for 2006".  Dkt. No. 15.  In an affidavit attached to the motion, plaintiff states that he received a letter from the IRS stating that there was an error on his "2006" and his refund would be $8,259.13.  Dkt. No. 15-3, ¶ 3.  Plaintiff attached a notice from the IRS dated July 23, 2007, in which the IRS states that there was an error on plaintiff's 2006 Federal Income Tax Return", it made the change, and plaintiff was entitled to a refund in the amount of $8,259.13.  Dkt. No.15-4.  The notice stated that if plaintiff agreed with the change and owed no other amounts "that we are required to collect, [he] should receive [his] corrected refund within six weeks."  *Id*.  The notice also advised that, "[i]n general, you must file a claim for refund within three years after you filed your return or two years after you paid the tax, whichever is later."  *Id*.  Additionally, the notice advised plaintiff that activity on his 2006 "may be delaying the release of your refund.  You will receive a notice explaining this delay."  *Id*.

According to his affidavit, plaintiff contacted the IRS and an IRS agent told him that "the refund was being held due to the fact that I owed $358.00."  Dkt. No. 15-3, ¶ 6.  Plaintiff states that in a subsequent call he made to the IRS, and agent informed him that "the refund for 2006 was being held due to a lawsuitor [sic] complaint I had placed for a frivolous return in 2003" and that he "needed to pay the $500.00 penalty in order to get the refund."  *Id*., ¶¶ 8-9.  Plaintiff avers that he asked the agent to deduct the $500.00 from the refund amount, but that she refused and said that "they had the right to HOLD all the monies until this complaint was resolved."  *Id*., ¶ 9.

_____
Norman A. Mordue
Chief United States District Court Judge

13

Plaintiff states that he mailed an amended tax return for 2003 on February 25, 2007, and that he has "corrected" all other relevant tax forms, including one for 2006. *Id*., ¶¶16-18

The government opposes this motion contending that the issue of the 2006 refund is outside the purview of the complaint, which was filed on April 7, 2006 and plaintiff has not satisfied the jurisdictional prerequisites to filing a claim for refund in district court.   The Court agrees that this motion addresses matters outside the purview of the complaint.  Accordingly, plaintiff's motion is denied without prejudice to filing a complaint advancing this claim within thirty days of the date of this order.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for summary judgment dismissing the complaint is **granted**; and it is further

**ORDERED** that the government's Notice of Determination authorizing the use of a levy to collect the $500 penalty is **affirmed**; and it is further

**ORDERED** that plaintiff's **motion to supplement** the complaint is **denied without prejudice to filing a complaint advancing this claim within thirty days of the date of this order**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Date:  September 9, 2008

Norman A. Mordue
Chief United States District Court Judge